**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **PARTHENON UNIFIED MEMORY ARCHITECTURE LLC,** | § § § | **Case No. 2:15-cv-00225** |
| Plaintiff, | § § | **Jury Trial Requested** |
| v. | § § | |
| **ZTE CORPORATION, ZTE USA, INC., and ZTE (TX) INC.,** | § § § | |
| Defendants. | § § § § | |

**PARTHENON UNIFIED MEMORY ARCHITECTURE LLC'S
COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Parthenon Unified Memory Architecture LLC ("PUMA" or "Plaintiff") hereby submits this Complaint against Defendants ZTE Corporation, ZTE USA, Inc., and ZTE (TX) Inc. (collectively "ZTE" or "Defendants") and states as follows:

## THE PARTIES

1. PUMA is a Texas limited liability company, having a principal place of business at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

2. On information and belief, Defendant ZTE Corporation is a corporation organized and existing under the laws of the People's Republic of China, having a principal place of business at ZTE Plaza, Keji Road South, Hi-Tech Industrial Park, Nanshan District, Shenzhen, Guangdong Province, People's Republic of China 518057.

3. On information and belief, Defendant ZTE USA, Inc. is a corporation organized and existing under the laws of New Jersey, having a principal place of business at 2425 North Central Expressway, Suite 600, Richardson, Texas 75080.

4. On information and belief, Defendant ZTE (TX) Inc. is a corporation organized and existing under the laws of Texas, having a principal place of business at 2500 Dallas Parkway, Plano, Texas 75093.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.

6. Venue is proper in this federal district pursuant to 28 U.S.C. §§1391(b)–(c) and 1400(b) in that Defendants have done business in this District, have committed acts of

infringement in this District, and continue to commit acts of infringement in this District, entitling PUMA to relief.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 5,812,789

7. On September 22, 1998, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 5,812,789 ("the '789 Patent"), entitled "Video And/Or Audio Decompression And/Or Compression Device That Shares a Memory Interface." PUMA holds all rights, title, and interest in and to the '789 Patent. ZTE is not licensed to the '789 Patent, yet ZTE knowingly, actively, and lucratively practices the patents.

8. Upon information and belief, ZTE has infringed directly and continues to infringe directly the '789 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '789 Patent. ZTE's infringing products include, but are not limited to, at least the ZTE Radiant, ZTE Force, ZTE Max, ZTE ZMax, ZTE Engage, ZTE Vital, ZTE Concord, ZTE Awe, ZTE Supreme, ZTE Unico, ZTE Avail 2, ZTE Blade, ZTE Boost Warp, ZTE Director, ZTE Grand Memo II, ZTE Grand S, ZTE Grand X, ZTE Groove, ZTE Illustra, ZTE Imperial, ZTE Imperial II, ZTE Majesty, ZTE Merit, ZTE Midnight, ZTE Rapido, ZTE Nubia 5, ZTE Open, ZTE Overture, ZTE Prelude, ZTE Reef, ZTE Render, ZTE Orbit, ZTE Savvy, ZTE Score, ZTE Solar, ZTE Sonata 4G, ZTE Source, ZTE Valet, ZTE Warp Sequent, ZTE N919, ZTE Kis 3, and ZTE Whirl.

9. The acts of infringement by ZTE have caused damage to PUMA, and PUMA is entitled to recover from ZTE the damages sustained by PUMA as a result of ZTE's wrongful acts in an amount subject to proof at trial. The infringement of PUMA's exclusive rights under the

'789 Patent by ZTE has damaged and will continue to damage PUMA, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

10. At least as early as its receipt of this Complaint, ZTE has had knowledge of the '789 Patent and written notice of the infringement. PUMA intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 5,960,464

11. On September 28, 1999, the USPTO duly and legally issued United States Patent No. 5,960,464 ("the '464 Patent"), entitled "Memory Sharing Architecture For A Decoding In A Computer System." PUMA holds all rights, title, and interest in and to the '464 Patent. ZTE is not licensed to the '464 Patent, yet ZTE knowingly, actively, and lucratively practices the patents.

12. Upon information and belief, ZTE has infringed directly and continues to infringe directly the '464 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '464 Patent. ZTE's infringing products include, but are not limited to, at least the ZTE Radiant, ZTE Force, ZTE Max, ZTE ZMax, ZTE Engage, ZTE Vital, ZTE Concord, ZTE Awe, ZTE Supreme, ZTE Unico, ZTE Avail 2, ZTE Blade, ZTE Boost Warp, ZTE Director, ZTE Grand Memo II, ZTE Grand S, ZTE Grand X, ZTE Groove, ZTE Illustra, ZTE Imperial, ZTE Imperial II, ZTE Majesty, ZTE Merit, ZTE Midnight, ZTE Rapido, ZTE Nubia 5, ZTE Open, ZTE Overture, ZTE Prelude, ZTE Reef, ZTE Render, ZTE Orbit, ZTE Savvy, ZTE Score, ZTE Solar, ZTE Sonata 4G, ZTE Source, ZTE Valet, ZTE Warp Sequent, ZTE N919, ZTE Kis 3, and ZTE Whirl.

13. The acts of infringement by ZTE have caused damage to PUMA, and PUMA is entitled to recover from ZTE the damages sustained by PUMA as a result of ZTE's wrongful acts in an amount subject to proof at trial. The infringement of PUMA's exclusive rights under the '464 Patent by ZTE has damaged and will continue to damage PUMA, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

14. At least as early as its receipt of this Complaint, ZTE has had knowledge of the '464 Patent and written notice of the infringement. PUMA intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 6,058,459

15. On May 2, 2000, the USPTO duly and legally issued United States Patent No. 6,058,459 ("the '459 Patent"), entitled "Video/Audio Decompression/Compression Device Including An Arbiter And Method For Accessing A Shared Memory." PUMA holds all rights, title, and interest in and to the '459 Patent. ZTE is not licensed to the '459 Patent, yet ZTE knowingly, actively, and lucratively practices the patents.

16. Upon information and belief, ZTE has infringed directly and continues to infringe directly the '459 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '459 Patent. ZTE's infringing products include, but are not limited to, at least the ZTE Radiant, ZTE Force, ZTE Max, ZTE ZMax, ZTE Engage, ZTE Vital, ZTE Concord, ZTE Awe, ZTE Supreme, ZTE Unico, ZTE Avail 2, ZTE Blade, ZTE Boost Warp, ZTE Director, ZTE Grand Memo II, ZTE Grand S, ZTE Grand X, ZTE Groove, ZTE Illustra, ZTE Imperial, ZTE Imperial

II, ZTE Majesty, ZTE Merit, ZTE Midnight, ZTE Rapido, ZTE Nubia 5, ZTE Open, ZTE Overture, ZTE Prelude, ZTE Reef, ZTE Render, ZTE Orbit, ZTE Savvy, ZTE Score, ZTE Solar, ZTE Sonata 4G, ZTE Source, ZTE Valet, ZTE Warp Sequent, ZTE N919, ZTE Kis 3, and ZTE Whirl.

17. The acts of infringement by ZTE have caused damage to PUMA, and PUMA is entitled to recover from ZTE the damages sustained by PUMA as a result of ZTE's wrongful acts in an amount subject to proof at trial. The infringement of PUMA's exclusive rights under the '459 Patent by ZTE has damaged and will continue to damage PUMA, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

18. At least as early as its receipt of this Complaint, ZTE has had knowledge of the '459 Patent and written notice of the infringement. PUMA intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 6,427,194

19. On July 30, 2002, the USPTO duly and legally issued United States Patent No. 6,427,194 ("the '194 Patent"), entitled "Electronic System And Method For Display Using A Decoder And Arbiter To Selectively Allow Access To A Shared Memory." PUMA holds all rights, title, and interest in and to the '194 Patent. ZTE is not licensed to the '194 Patent, yet ZTE knowingly, actively, and lucratively practices the patents.

20. Upon information and belief, ZTE has infringed directly and continues to infringe directly the '194 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of

the '194 Patent.  ZTE's infringing products include, but are not limited to, at least the ZTE Radiant, ZTE Force, ZTE Max, ZTE ZMax, ZTE Engage, ZTE Vital, ZTE Concord, ZTE Awe, ZTE Supreme, ZTE Unico, ZTE Avail 2, ZTE Blade, ZTE Boost Warp, ZTE Director, ZTE Grand Memo II, ZTE Grand S, ZTE Grand X, ZTE Groove, ZTE Illustra, ZTE Imperial, ZTE Imperial II, ZTE Majesty, ZTE Merit, ZTE Midnight, ZTE Rapido, ZTE Nubia 5, ZTE Open, ZTE Overture, ZTE Prelude, ZTE Reef, ZTE Render, ZTE Orbit, ZTE Savvy, ZTE Score, ZTE Solar, ZTE Sonata 4G, ZTE Source, ZTE Valet, ZTE Warp Sequent, ZTE N919, ZTE Kis 3, and ZTE Whirl.

21.     The acts of infringement by ZTE have caused damage to PUMA, and PUMA is entitled to recover from ZTE the damages sustained by PUMA as a result of ZTE's wrongful acts in an amount subject to proof at trial.  The infringement of PUMA's exclusive rights under the '194 Patent by ZTE has damaged and will continue to damage PUMA, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

22.     At least as early as its receipt of this Complaint, ZTE has had knowledge of the '194 Patent and written notice of the infringement.  PUMA intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT V: INFRINGEMENT OF U.S. PATENT NO. 7,321,368

23.     On January 22, 2008, the USPTO duly and legally issued United States Patent No. 7,321,368 ("the '368 Patent"), entitled "Electronic System And Method For Display Using A Decoder And Arbiter To Selectively Allow Access To A Shared Memory."  PUMA holds all

rights, title, and interest in and to the '368 Patent.  ZTE is not licensed to the '368 Patent, yet ZTE knowingly, actively, and lucratively practices the patents.

24. Upon information and belief, ZTE has infringed directly and continues to infringe directly the '368 Patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '368 Patent.  ZTE's infringing products include, but are not limited to, at least the ZTE Radiant, ZTE Force, ZTE Max, ZTE ZMax, ZTE Engage, ZTE Vital, ZTE Concord, ZTE Awe, ZTE Supreme, ZTE Unico, ZTE Avail 2, ZTE Blade, ZTE Boost Warp, ZTE Director, ZTE Grand Memo II, ZTE Grand S, ZTE Grand X, ZTE Groove, ZTE Illustra, ZTE Imperial, ZTE Imperial II, ZTE Majesty, ZTE Merit, ZTE Midnight, ZTE Rapido, ZTE Nubia 5, ZTE Open, ZTE Overture, ZTE Prelude, ZTE Reef, ZTE Render, ZTE Orbit, ZTE Savvy, ZTE Score, ZTE Solar, ZTE Sonata 4G, ZTE Source, ZTE Valet, ZTE Warp Sequent, ZTE N919, ZTE Kis 3, and ZTE Whirl.

25. The acts of infringement by ZTE have caused damage to PUMA, and PUMA is entitled to recover from ZTE the damages sustained by PUMA as a result of ZTE's wrongful acts in an amount subject to proof at trial.  The infringement of PUMA's exclusive rights under the '368 Patent by ZTE has damaged and will continue to damage PUMA, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

26. At least as early as its receipt of this Complaint, ZTE has had knowledge of the '368 Patent and written notice of the infringement.  PUMA intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 7,542,045

27. On June 2, 2009, the USPTO duly and legally issued United States Patent No. 7,542,045 ("the '045 Patent"), entitled "Electronic System And Method For Display Using A Decoder And Arbiter To Selectively Allow Access To A Shared Memory." PUMA holds all rights, title, and interest in and to the '045 Patent. ZTE is not licensed to the '045 Patent, yet ZTE knowingly, actively, and lucratively practices the patents.

28. Upon information and belief, ZTE has infringed directly and continues to infringe directly the '045 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '045 Patent. ZTE's infringing products include, but are not limited to, at least the ZTE Radiant, ZTE Force, ZTE Max, ZTE ZMax, ZTE Engage, ZTE Vital, ZTE Concord, ZTE Awe, ZTE Supreme, ZTE Unico, ZTE Avail 2, ZTE Blade, ZTE Boost Warp, ZTE Director, ZTE Grand Memo II, ZTE Grand S, ZTE Grand X, ZTE Groove, ZTE Illustra, ZTE Imperial, ZTE Imperial II, ZTE Majesty, ZTE Merit, ZTE Midnight, ZTE Rapido, ZTE Nubia 5, ZTE Open, ZTE Overture, ZTE Prelude, ZTE Reef, ZTE Render, ZTE Orbit, ZTE Savvy, ZTE Score, ZTE Solar, ZTE Sonata 4G, ZTE Source, ZTE Valet, ZTE Warp Sequent, ZTE N919, ZTE Kis 3, and ZTE Whirl.

29. The acts of infringement by ZTE have caused damage to PUMA, and PUMA is entitled to recover from ZTE the damages sustained by PUMA as a result of ZTE's wrongful acts in an amount subject to proof at trial. The infringement of PUMA's exclusive rights under the '045 Patent by ZTE has damaged and will continue to damage PUMA, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

30. At least as early as its receipt of this Complaint, ZTE has had knowledge of the '045 Patent and written notice of the infringement. PUMA intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 7,777,753

31. On August 17, 2010, the USPTO duly and legally issued United States Patent No. 7,777,753 ("the '753 Patent"), entitled "Electronic System And Method For Selectively Allowing Access To A Shared Memory." PUMA holds all rights, title, and interest in and to the '753 Patent. ZTE is not licensed to the '753 Patent, yet ZTE knowingly, actively, and lucratively practices the patents.

32. Upon information and belief, ZTE has infringed directly and continues to infringe directly the '753 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '753 Patent. ZTE's infringing products include, but are not limited to, at least the ZTE Radiant, ZTE Force, ZTE Max, ZTE ZMax, ZTE Engage, ZTE Vital, ZTE Concord, ZTE Awe, ZTE Supreme, ZTE Unico, ZTE Avail 2, ZTE Blade, ZTE Boost Warp, ZTE Director, ZTE Grand Memo II, ZTE Grand S, ZTE Grand X, ZTE Groove, ZTE Illustra, ZTE Imperial, ZTE Imperial II, ZTE Majesty, ZTE Merit, ZTE Midnight, ZTE Rapido, ZTE Nubia 5, ZTE Open, ZTE Overture, ZTE Prelude, ZTE Reef, ZTE Render, ZTE Orbit, ZTE Savvy, ZTE Score, ZTE Solar, ZTE Sonata 4G, ZTE Source, ZTE Valet, ZTE Warp Sequent, ZTE N919, ZTE Kis 3, and ZTE Whirl.

33. The acts of infringement by ZTE have caused damage to PUMA, and PUMA is entitled to recover from ZTE the damages sustained by PUMA as a result of ZTE's wrongful acts in an amount subject to proof at trial. The infringement of PUMA's exclusive rights under the '753 Patent by ZTE has damaged and will continue to damage PUMA, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

34. At least as early as its receipt of this Complaint, ZTE has had knowledge of the '753 Patent and written notice of the infringement. PUMA intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT VIII: INFRINGEMENT OF U.S. PATENT NO. 8,054,315

35. On November 8, 2011, the USPTO duly and legally issued United States Patent No. 8,054,315 ("the '315 Patent"), entitled "Electronic System And Method For Selectively Allowing Access To A Shared Memory." PUMA holds all rights, title, and interest in and to the '315 Patent. ZTE is not licensed to the '315 Patent, yet ZTE knowingly, actively, and lucratively practices the patents.

36. Upon information and belief, ZTE has infringed directly and continues to infringe directly the '315 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '315 Patent. ZTE's infringing products include, but are not limited to, at least the ZTE Radiant, ZTE Force, ZTE Max, ZTE ZMax, ZTE Engage, ZTE Vital, ZTE Concord, ZTE Awe, ZTE Supreme, ZTE Unico, ZTE Avail 2, ZTE Blade, ZTE Boost Warp, ZTE Director, ZTE Grand Memo II, ZTE Grand S, ZTE Grand X, ZTE Groove, ZTE Illustra, ZTE Imperial, ZTE Imperial

II, ZTE Majesty, ZTE Merit, ZTE Midnight, ZTE Rapido, ZTE Nubia 5, ZTE Open, ZTE Overture, ZTE Prelude, ZTE Reef, ZTE Render, ZTE Orbit, ZTE Savvy, ZTE Score, ZTE Solar, ZTE Sonata 4G, ZTE Source, ZTE Valet, ZTE Warp Sequent, ZTE N919, ZTE Kis 3, and ZTE Whirl.

37. The acts of infringement by ZTE have caused damage to PUMA, and PUMA is entitled to recover from ZTE the damages sustained by PUMA as a result of ZTE's wrongful acts in an amount subject to proof at trial. The infringement of PUMA's exclusive rights under the '315 Patent by ZTE has damaged and will continue to damage PUMA, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

38. At least as early as its receipt of this Complaint, ZTE has had knowledge of the '315 Patent and written notice of the infringement. PUMA intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT IX: INFRINGEMENT OF U.S. PATENT NO. 8,681,164

39. On March 25, 2014, the USPTO duly and legally issued United States Patent No. 8,681,164 ("the '164 Patent"), entitled "Electronic System And Method For Selectively Allowing Access To A Shared Memory." PUMA holds all rights, title, and interest in and to the '164 Patent. ZTE is not licensed to the '164 Patent, yet ZTE knowingly, actively, and lucratively practices the patents.

40. Upon information and belief, ZTE has infringed directly and continues to infringe directly the '164 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of

the '164 Patent. ZTE's infringing products include, but are not limited to, at least the ZTE Radiant, ZTE Force, ZTE Max, ZTE ZMax, ZTE Engage, ZTE Vital, ZTE Concord, ZTE Awe, ZTE Supreme, ZTE Unico, ZTE Avail 2, ZTE Blade, ZTE Boost Warp, ZTE Director, ZTE Grand Memo II, ZTE Grand S, ZTE Grand X, ZTE Groove, ZTE Illustra, ZTE Imperial, ZTE Imperial II, ZTE Majesty, ZTE Merit, ZTE Midnight, ZTE Rapido, ZTE Nubia 5, ZTE Open, ZTE Overture, ZTE Prelude, ZTE Reef, ZTE Render, ZTE Orbit, ZTE Savvy, ZTE Score, ZTE Solar, ZTE Sonata 4G, ZTE Source, ZTE Valet, ZTE Warp Sequent, ZTE N919, ZTE Kis 3, and ZTE Whirl.

41.    The acts of infringement by ZTE have caused damage to PUMA, and PUMA is entitled to recover from ZTE the damages sustained by PUMA as a result of ZTE's wrongful acts in an amount subject to proof at trial. The infringement of PUMA's exclusive rights under the '164 Patent by ZTE has damaged and will continue to damage PUMA, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

42.    At least as early as its receipt of this Complaint, ZTE has had knowledge of the '164 Patent and written notice of the infringement. PUMA intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

43.    PUMA hereby demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, PUMA requests entry of judgment in its favor and against ZTE as follows:

a. A declaration that ZTE has infringed and is infringing the '789, '464, '459, '194, '368, '045, '753, '315, and '164 Patents;

b. An Order permanently enjoining ZTE, its officers, agents, employees, and those acting in privity with it, from further direct and/or indirect infringement of the '789, '464, '459, '194, '368, '045, '753, '315, and '164 Patents;

c. An award of damages to PUMA arising out of ZTE's infringement of the '789, '464, '459, '194, '368, '045, '753, '315, and '164 Patents, including enhanced damages pursuant to 35 U.S.C. § 284, together with prejudgment and post-judgment interest, in an amount according to proof;

d. An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and,

e. Granting PUMA its costs and further relief as the Court may deem just and proper.

Dated: February 17, 2015 Respectfully submitted,

*/s/ Demetrios Anaipakos*
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@azalaw.com
Amir Alavi
Texas Bar No. 00793239
aalavi@azalaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@azalaw.com
Alisa A. Lipski
Texas Bar No. 24141345
alipski@azalaw.com
Justin Chen
Texas Bar No. 24074204
jchen@azalaw.com
AHMAD, ZAVITSANOS, ANAIPAKOS,
    ALAVI & MENSING P.C.
1221 McKinney Street, Suite 3460
Houston, TX 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062

T. John Ward, Jr.
Texas Bar No. 00794818
jw@wsfirm.com
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, TX 75606-1231
Telephone: 909-757-6400
Facsimile: 909-757-2323

**ATTORNEYS FOR PLAINTIFF PARTHENON UNIFIED MEMORY ARCHITECTURE LLC**